Dear Senator Hines:
You ask whether R.S. 37:2801 should be construed to require that each and every chiropractor offer all permissible diagnostic and treatment practices allowed to a chiropractor under the statute, or whether a chiropractor should be able to limit the scope of his examination and treatment to that which is consistent with his particular practice objective and clinical proficiency.
LSA-R.S. 37:2801 defines the practice of chiropractic:
 (3)(a) "Practice of chiropractic" means holding one's self out to the public as a chiropractor and as being engaged in the business of, or the actual engagement in, the diagnosing of conditions associated with the functional integrity of the spine and treating by adjustment, manipulation, and the use of the physical and other properties of heat, light, water, electricity, sound, massage, therapeutic exercise, mobilization, mechanical devices, and other physical rehabilitation measures for the purpose of correcting interference with normal nerve transmission and expression. A chiropractor may also make recommendations relative to personal hygiene and proper nutritional practices for the rehabilitation of the patient. A chiropractor may also order such diagnostic tests as are necessary for determining conditions associated with the functional integrity of the spine.
"Prior to the enactment of Chapter 36 of the Revised Statutes in 1974, the practice of Chiropractic constituted the practice of medicine and, as such, was subject to statutory regulation under Chapter 15, regulating physicians, surgeons, midwives, and osteopaths. Currently, chiropracticis a state regulated medical specialty that diagnoses conditionsassociated with the functional integrity of the spine and treats suchdiseases by adjustment, manipulation, therapeutic exercise, mobilizationand the use of heat, light, water, electricity, sound, and massage. "Fletcher v. Fenoli, 674 So.2d 1048, 1051 (citations omitted; emphasis added).
Louisiana Acts 1974, No. 39 added a new chapter to Title 37, composed of R.S. 37:2801 2818, relative to the practice of chiropractic and the regulation and licensing of chiropractors in Louisiana. The law defined the "practice of chiropractic" for use in the chapter by the Louisiana Board of Chiropractic Examiners on the regulation and licensing of chiropractors. The definition of the "practice of chiropractic" has evolved over the years by amendment[1], but it has consistently used the conjunction "and" to include and connect several main parts together, such as: (1) holding one's self out to the public as a chiropractor and, (2) being engaged in the business of diagnosing conditions associated with the spine and, (3) treating by adjustment, manipulation and (4) treating by use of physical and other properties of heat, and other physical rehabilitation measures, all for the purpose of correcting interference with normal nerve transmission and expression.
We are directed by our Civil Code to apply laws as written when the law is clear and unambiguous and its application does not lead to absurd consequences[2]; to interpret the language of the law as having the meaning that best conforms to the purpose of the law[3]; and, to give the generally prevailing meaning to the words of a law, and the technical meaning when the law involves a technical matter[4]. As summarized by the Court in Fletcher, supra, we find that the general wording of the statute at issue, R.S. 37:2801(3)(a), sets forth what is considered the practice of chiropractic, which is to engage in the business of (1) diagnosing conditions associated with the functional integrity of the spine, and (2) to treat such diseases by adjustment, manipulation, and the use of physical and other properties and other physical rehabilitation measures, all for the purpose of correcting interference with normal nerve transmission and expression. Thus, we are of the opinion that for licensing and regulation purposes under Title 37, Chapter 36, the definition of "practice of chiropractic" is inclusive of all stated treatments. Whether or not a chiropractor is required to offer all such treatments to each individual patient is a different issue, as the necessity for treatment must be tailored to the specific needs of each individual patient.
We did find that the Louisiana Board of Chiropractic Examiners has provided for rules of practice and procedure under the Administrative Procedure Act, Title 46, Part XXVII[5], pursuant to their statutory authority[6], which rules include the registration of a specialty that has met certain criteria, as follows:
 A. Any doctor of chiropractic in the state of Louisiana who holds himself or herself out to the public as being a specialist in any area must register with the Board of Chiropractic Examiners.
 B. Only those licensees holding the final certification in post-graduate training and certification programs recognized by the board may hold themselves out to the public as possessing special knowledge, skills or training.
* * *
 1. Specialty training must meet the following criteria to qualify for registry inclusion. The course of study must:
 a. be conducted under the auspices of and taught by the post-graduate faculty of a chiropractic college fully accredited by the Council on Chiropractic Education;
b. consist of a minimum of 300 hours;
 c. require completion of a certification examination given by a board independent of the entity which taught the course; and
 d. meet such other criteria as the board deems appropriate.
 2. The Board of Chiropractic Examiners currently (December 1995) recognizes the following specialties for recognition and listing in the Board's Specialty Registry:
 a. Diplomate of the American Board of Chiropractic Nutrition (DABCN);
b. Certified Chiropractic Sports Physicians (CCSP);
 c. Diplomate, American Board of Chiropractic Orthopedists (DABCO) or Fellow of the Academy of Chiropractic Orthopedists (FACO);
 d. Diplomate, American Chiropractic Board of Roentgenologists (DACBR);
 e. Diplomate, American Board of Chiropractic Internists (DABCI);
 f. Diplomate, American Board of Chiropractic Pediatrics (DABCP);
 g. Diplomate of the American Board of Chiropractic Neurology (DABCN); or
 h. Diplomate of the American Chiropractic Academy of Neurology (DACAN).
 3. The National Board of Chiropractic Examiners engages in testing preliminary to testing for basic licensure. It does not engage in specialty testing. The use of the designation Diplomate of the National Board of Chiropractic Examiners, or any derivative thereof, may give the false impression of certification or credentials beyond that required of all chiropractic licensees and is considered deceptive and misleading by the Board of Chiropractic Examiners.
 4. Any additional specialties which conform to these standards may be recognized by declaratory statement by the Board of Examiners.
Trusting that this opinion addresses and answers all of your questions and concerns, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
CCF, JR/ARL;mjb
[1] See, Louisiana Acts 1979, No. 390; Acts 1986, No. 77; Acts 1991, No. 1047; and Acts 1997, No. 990.
[2] LSA-C.C. Art. 9
[3] LSA-C.C. Art. 10
[4] LSA-C.C. Art. 11
[5] http://www.state.la.us/osr/lac/46v27/46v27.pdf
[6] LSA-R.S. 37:2804.